IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>D. BAUGHMAN,<br><br>    Respondent. | No. 2:17-CV-2549-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. While petitioner states he is in custody pursuant to a March 1993 conviction for second degree murder, petitioner states that he is challenging "[j]ail or prison conditions," not his conviction. Doc. 1, p. 2. Petitioner also states he is seeking enforcement of settlement agreements reached in two separate civil rights actions. See id. at 3. Petitioner does not allege any claims related to the 1993 conviction or any other conviction.

To state a cognizable federal habeas corpus claim, the petitioner must assert he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To satisfy this requirement, the petitioner must allege a nexus between his claims and the unlawful nature of the custody. See <u>Bailey v. Hill</u>, 599 F.3d 976, 978-80 (9th Cir. 2010). In this case, petitioner cannot allege such a nexus because his claims related to enforcement of settlement agreement reached in civil rights actions do not relate to his custody, let alone suggest the unlawful nature of such custody.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE